# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT LaDELL JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CASE NO. CIV-11-1468-D** |
| ) | |
| **HANSEN, P.A.,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

### Defendant Hansen

Plaintiff has filed this action pursuant to 42 U.S.C. § 1983 complaining of violations of his constitutional rights at the Oklahoma County Jail [Doc. No. 1]. Plaintiff is proceeding *pro se* and *in forma pauperis* [Doc. Nos. 1 and 2]. The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)and (C); service of process and a special report from the officials responsible for the Oklahoma County Jail were ordered [Doc. No. 8]. See *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Now pending for determination is the motion of Defendant Hansen to dismiss Plaintiff's complaint pursuant to Rule 12 (b) (6), Fed. R. Civ. P. [Doc. No. 21]. Plaintiff has filed no response to the motion.

In reviewing the sufficiency of a complaint, the court considers whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to Plaintiff. *Sunrise Valley, LLC*

*v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 2377 (2009). A pro se plaintiff's complaint must be broadly construed under this standard. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

On application of the foregoing standard, the undersigned finds that Plaintiff has failed to state a plausible claim for relief against Defendant Hansen. The only allegation against Defendant Hansen – whom Plaintiff states is employed as a physician's assistant at the Oklahoma County Jail – is that "[t]his P.A has seen me 3 or 4 times with my cane or walker or wheel chair Because of pinich never and I needed Refill's on Med's[.]"[1] [Doc. No. 1, sequential p. 2]. Despite asserting an "Eight Amendment Medical Claim" as a cause of action, *id.* at sequential p. 3, Plaintiff fails to allege how Defendant Hansen purportedly violated his constitutional rights. Plaintiff has simply failed to "alleg[e] sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons set forth above, it is the recommendation of the undersigned

---

[1] Unless otherwise indicated, quotations in this report are reproduced verbatim.

Magistrate Judge that Defendant Hansen's motion to dismiss [Doc. No. 21] be granted and that Plaintiff's complaint against Defendant Hansen be dismissed without prejudice for failure to state a claim upon which relief may be granted.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 28, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is specifically advised that should he wish to amend his claims against Defendant Hansen in order to state a claim for relief, he should so advise the court through the objection process. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

This Report and Recommendation and today's separate Report regarding Plaintiff's claims against Defendant Oklahoma County Jail dispose of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 8th day of August, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE